FILED
JUL 21 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE UNITED STATES
District Court

Petitioner                    CASE NO.
Chester O. Abney              PDID 319-725
                              DCDC 213-490
vs.
DC DIVISION
OF Correction
U.S. PAROLE
COMMISSION
Respondents.

DCDC
213490
1901
E. St, SE
Wash, D.
20003

CASE NUMBER 1:05CV01440
JUDGE: Emmet G. Sullivan
DECK TYPE: Habeas Corpus/2255
DATE STAMP: 07/21/2005

PETITIONER FOR WRIT
OF HABEAS CORPUS

Now comes petitioner Chester C. Abney pro se files this petition with this Honorable Court to address a deprivation of a Constitutional Right regarding how the imposition of a sentence be carried out. This Motion comes in good faith, therefor petitioner request this Honorable Court to grant a hearing on the merits.

(FACTS PRESENTED)

1) The U.S. Parole Commission has projected a long term release date of January 29, 2014.

2) Petitioner Chester O. Abney was sentence in the District of Columbia Superior Court by the Honorable Reggie B. Walton to serve the following consecutive terms of:

RECEIVED
JUN 13 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1)

imprisonment in connection with criminal case number F-7110-85: 3.) five years and twenty months to twenty years for the conviction of distribution of a controlled substance (PCP 4.) one year for the distribution of a controlled substance (Marijuana) conviction and 5.) one year for the conviction of possession with intent to distribution marijuana. Thus petitioner is serving an aggregate sentence of five years and twenty months to twenty two years imprisonment. Earliest date of offenses 5-18-85 at the D.C. Jail from 9-18-85 and thru 7-18-86 thru 10-28-87 thru 1-13-88 date computation begin 1-18-88 aggregate sentence procedure DC cod adult aggregate Total Term in effect 22 years total term in effect converted 22 years Aggregated Minimum term 5 years 20 months. Jail Credit from 9-18-85 to 7/18/86 thru 10-28-87 to 1-12-88 The U.S. Parole Commission has projected a long term release date of January 29, 2014

| Docket # | Typ | begin date | End date | FTD |
|---|---|---|---|---|
| # | Parole | 6/3/2003 | # | 1/29/2014 |
| # | Parole | 12/15/2000 | 9/23/02 | 8/6/2012 |
| F-7110-85 | Jail DC | 2/13/1986 | 1/13/88 | 2/12/1992 |

Statutory Good Time 2640 days the D.C. Division of Correction and U.S. Parole Commissio took 2,640 day from me

On December 15, 2000 the United States Parole Commission released petitioner on parole petitioner certificate of parole Paroling authority was transferred from the District of Columbia Board of Parole to the parole Commission effective August 5, 1998, pursuant to the National Capital Revitalization and Self Government Improvement Act of 1997, Public Law no 105-33, 11231(a)(1), 111 Stat 712. See D.C. Code § 24-131(a); Franklin v. District of Columbia 163 F.3d 625, 632 (D.C. Cir. 1998 Under the National Capital Revitalization and Self Government Improvement Act of 1997 Pub. L. 105-33, D.C. Code §§ 24-101-131 (2001) Crawford v. Jackson, 323 F.3d 123, 125-126 (D.C. Cir. 2003). Plaintiff has improperly identified the Records Center as a respondent in a Habeas Corpus action the proper party respondent is the warden who has custody over petitioner. See United States v. Wardell Crockett, 861 A.2d 604 (D.C. 2004). See D.C. Code sec. 16-1901 (2001); Hill v. Board of Parole, 766 A.2d 511, 514-15 D.C. 1991; Alston v. United States, 590 A. 2d 511, 512-15 (DC 1991). 601.3 The total number number of institution good time credits shall be imposed applied to the total amount of entitled minimum and maximum sentence when these sentence are initially computed so as to provided projected initial Parole eligibility date and a date upon which release shall become

mandatory mandatory. 601.2 Each resident aready incarcerated in a District of Columbia correctional facility and sentence Prior to March 13, 1986 in accordance with 8-206 D.C. Law 6-218, D.C. Code § 24-428 (1986 Supp.) to April 11, 1987, who was conviction convicted of Violation of a District of Columbia to criminal Law by court in the District of Columbia, shall be entiteld to institution good time Credits on the remaining portion of the Sentence to be served. When Legislation contemplate pass a new one and if it statue, it is carefully to search the statue book any statue that over Lap the one sentence to served and if it find any such older statue in force it repeals it explicitly when passing the one set in a Sentence of 22 years The presumed to envision the whole body of Law when it enacts Legislation Sutherland Statutory construction §23 10 apt. 346 (4th Ed. 1985) Edward v. U.S. 814 F. 2d 486, 488 (5th Cir. 1987 In short at... People v. Sims 38 Mich. app. 122, 195 N.W. 2d 766 (1972). a Parole granted. The Presumption againts implied repeals is founded upon Doctrines that the Legistation is a Legislature prisoner shall be with in construed simply as a permit to such prisoner to go white

...out the enclosure of this person, and not as release, and while so at large he shall be deemed to be still serving out the sentence imposed upon him by the court and shall be entitled to good time the same as if he were confined in prison. The Petitioner is also asked to take Notice of History of Rules since Last Compilation by Agency May 1982 CDCR 28-601 Good Time Credits 601.14 Forfeitures of institutional good time credits shall be imposed applied to the total amount of institutional good time credits that a resident may earn over the life of the residents sentence less any credits that have been previous forfeited but not restored 601.7 Revocation of Parole shall not result in a loss of credit for time spent on which Parole was granted. I am asking for the institutional good time and Parole good time that took from me.

Petitioner Chester O. Abbey
PDID 319-295
DCDC 213-490
FBI 833232CA0
SSN 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
DOB 5/10/64

Respectfully Submitted
Pro Se
DCDC 213-490
Correctional Treatment Facility
1901 E Street S.E.
Washington D.C. 20003