# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHESTER ABNEY,                :      Civil Action No. 05-1440 (EGS)
        Petitioner        :
                         :
                         :
   v.                       :
                         :
D.C. DIVISION OF CORRECTIONS, *et al.*, :
        Respondent      :

## U.S. PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S
## PETITION FOR A WRIT OF HABEAS CORPUS

The U.S. Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files its opposition to the petitioner's petition for a writ of habeas corpus. The petitioner, who has had his parole revoked by the U.S. Parole Commission, has filed a petition for writ of habeas corpus in which he claims that the D.C. Division of Corrections and the U.S. Parole Commission lack the authority to order the forfeiture of the time he spent on parole, known as street time, and that such forfeiture violates the Ex Post Facto and Due Process clauses of the Constitution. Because the United States Court of Appeals for the District of Columbia and the District of Columbia Court of Appeals have decided the issues concerning the forfeiture of street time raised by the petitioner squarely in favor of the position of the U.S. Parole Commission, the petitioner's challenge to his sentence calculation should be summarily denied.

## PROCEDURAL HISTORY

Petitioner Abney is currently serving a parole violator sentence, originally imposed by the Honorable (then) Superior Court Judge Reggie Walton as an aggregate 22-year sentence for petitioner's convictions for distribution of PCP, distribution of marijuana, and possession with intent

1

to distribute marijuana in Superior Court Case No. F-7110-85.  See Exhibit A, sentence computation at page 7 and Exhibit B, judgment and commitment order.  Petitioner was recently released on parole from the remainder of his sentence on June 3, 2003, with a sentence expiration date of January 29, 2014.  See Exhibit C; Exhibit A at page 2.

On January 23, 2004, petitioner's supervision officer notified the Commission that petitioner had again violated the conditions of his release, this time by continuing to use illegal drugs, and by failing to report for drug testing.  See Exhibit D.  The supervision officer requested that the Commission issue a violator warrant for petitioner's arrest.  Id.  On August 19, 2004, the Commission complied with the supervision officer's request and issued a warrant for petitioner.  See Exhibit E.  The warrant included the violation charges of use of illegal drugs and failure to submit to drug testing.  Id.  The warrant was executed by petitioner's arrest on January 26, 2005.  See Exhibit F at page 1.

Petitioner received a parole revocation hearing with the Commission on June 8, 2005.  See Exhibit F.  At this hearing, the Commission discussed all of the pending parole violation charges with petitioner, including a new criminal charge of unauthorized use of a vehicle.  Following the hearing, the Commission found that petitioner had violated the conditions of his parole by committing all of the alleged violations, including using illegal drugs, failing to submit to drug testing, and committing a law violation of unauthorized use of a vehicle.  See Exhibit G.  The Commission did not grant petitioner credit for the time he had spent on parole and continued him to a presumptive parole on May 7, 2007, after the service of 32 months.  Id.  This was a decision within petitioner's reparole guideline range.  Id. at page 2.

# ARGUMENT

**I.    Earning of Good Time Credits Does Not Reduce the Defendant's Sentence or His Full Term Date**

Petitioner argues that his sentence should be reduced by the institutional good time credits that he has earned while serving his sentence.  Petitioner's argument is without merit for the following reasons. By arguing that his good time credits should be applied to shorten his full-term date, petitioner fundamentally misunderstands the function of these credits.  It is well settled law that good time credits, such as those governed by the D.C. Good Time Credit Act of 1986, D.C. Code § 24-201.29 (formerly § 24-428), do not reduce the full term date of the sentence.[1]  Rather, they only set the mandatory release date if the prisoner has not been previously paroled.  Good time credits are "applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory." D.C. Code § 24-201.29 (formerly § 24-428(b)).  Thus, these good time credits essentially affect either when a prisoner becomes eligible for release on parole or when he must be released on parole.

Moreover, it is clear, that once a prisoner is released on parole, good time credits do not apply to shorten his full-term date.  D.C. Code § 24-404 states:

> While on parole, a prisoner shall remain in the legal custody and under the control of the Attorney General of the United States or his authorized representative until the expiration of the maximum of the term or terms specified in his sentence without regard to good time allowance.

D.C. Code § 24-404 (emphasis added).

---

[1]  The Good Time Credit Act was repealed on August 20, 1994 but is applicable to the defendant's sentence.

In addition, the U.S. Parole Commission has promulgated a regulation governing D.C. Code offenders which provides as follows:

> Any prisoner having served his or her term or terms less deduction for good time shall, upon release, be deemed to be released on parole <u>until the expiration of the maximum term or terms for which he or she was sentenced</u>, except that if the offense of conviction was committed before April 11, 1987, such expiration date shall be less one hundred eighty (180) days. Every provision of these rules relating to an individual on parole shall be deemed to include individuals on mandatory release.

28 C.F.R. § 2.87(b) (emphasis added).

Thus, contrary to the petitioner's claim, his good time credits has no effect on the length of his sentence and does not shorten the sentence originally imposed by the court.

## II.    Good Time Credits Are Forfeited Upon Revocation of Parole

The Good Times Credit Act, now codified at D.C. Code § 24-201.29 (formerly § 24-428), provided that, upon a prisoner's initial incarceration, good time credits shall be calculated "solely on the basis of the maximum term of imprisonment".  However, where, as here, an order of parole has been revoked, § 24-201.29 yielded to D.C. Code § 24-406, which governs the computation of good time credits on the sentence remaining after the revocation of parole.  Section 24-406 dictates that a prisoner whose parole has been revoked must (unless subsequently re-paroled):

> serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him <u>after his return to custody</u>.  For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered a new sentence. (Emphasis added).

The plain language of the statute, therefore, requires that the good time credits for petitioner's original sentence be calculated on the basis of the sentence remaining after the revocation of his parole, reduced only by institutional good time credit earned <u>after</u> his return to custody.  Accordingly,

4

petitioner's good time credits previously earned were properly forfeited upon his prior parole revocations.

Moreover, there is an extensive body of case law that supports the forfeiture of the good time credits in this case.  Indeed, in <u>Jones v. Clemmer</u>, 163 F.2d 852 (D.C. Cir. 1947), the Court of Appeals rejected the contention that a prisoner had achieved commutation of his sentence through good time credits earned before and during parole, stating that "any right to commutation" which the prisoner had previously earned (prior to revocation of his parole and resumption of his sentence) "was forfeited by his violation of parole."  <u>Id</u>. at 853; <u>see also</u> <u>Bates v. Rivers</u>, 323 F.2d 311, 312 (D.C. Cir. 1963) (citing <u>Jones</u>).  Likewise, the Fourth Circuit Court of Appeals, relying on District of Columbia law, has held that a prisoner's release based on good time credits, "as in the case of parole, is conditioned on good behavior," and may be "forfeited for breach of condition."  <u>Hall v. Welch</u>, 185 F.2d 525, 526 (4th Cir. 1950) (citing <u>Bragg v. Huff</u>, 118 F.2d 1006 (4th Cir. 1941)). Moreover, in <u>U.S. Parole Commission v. Noble</u>, 693 A.2d 1084 (D.C. 1997), the D.C. Court of Appeals explicitly noted that the City Council had originally included a provision in the Good Times Credit Act which stated that a revoked parolee would not forfeit any good time credits earned prior to his revocation, but deleted this provision from the final version of the bill, so that re-incarcerated parolees could earn good time credits solely on the basis of the balance of the sentence after revocation of parole.  <u>Id</u>. at 1091-92 & n.12 n.12; <u>see also</u> <u>Teachey v. Carver</u>, 736 A.2d 998, 1006 n.12 (D.C. 1999) (noting that where defendant had violated parole, he had "no valid claim for restoration of good time credits").

It also should be noted that federal courts have interpreted the analogous federal statutory

provisions, 18 U.S.C. § 4161 and 4165 (repealed effective November 1, 1987), in the same manner.[2]

Indeed, in <u>Mock v. U.S. Board of Parole</u>, 345 F.2d 737, 738 (D.C. Cir. 1965), the Court rejected the

petitioner's contention that his good time credits under § 4161 could not be revoked because of a

parole violation.  This ruling is consistent with the rulings made by the other federal circuit courts

that have considered the matter.  <u>See</u>, <u>e.g.</u>, <u>Patterson v. Knowles</u>, 162 F.3d 574, 576 (10th Cir. 1998)

(petitioner not entitled to reduction in parole violator term based upon "the good time he

accumulated prior to his release on parole"); <u>Booth v. United States</u>, 996 F.2d 1171, 1173 (11th Cir.

1993) (good time credits are "used up" upon release from parole and unavailable to reduce term

received for parole violation); <u>Boniface v. Carlson</u>, 881 F.2d 669, 671 (9th Cir. 1989) (good time

credits do not survive release upon parole and cannot be credited toward a parole violator's

sentence); <u>Miller v. Hadden</u>, 811 F.2d 743, 744-46 (2nd Cir. 1987) (finding that the federal good time

credit statute, 18 U.S.C. § 4161, provides that good time is not a vested right and that a prisoner's

good time credits may be forfeited upon the revocation of parole); <u>Culp v. Keohane</u>, 822 F.2d 641,

642 (6th Cir. 1987) (holding that "[o]nce a prisoner's release is revoked because of his violation of

parole conditions, the Parole Commission has the authority to forfeit good time credits"); <u>Ray v.</u>

<u>Brewer</u>, 808 F.2d 19, 21-22 (7th Cir. 1986) (upholding the U.S. Parole Commission's regulation

prohibiting use of pre-parole good time credits to be applied after parole is revoked); <u>Swicegood v.</u>

_____

[2] 18 U.S.C. § 4161 states that a "prisoner convicted of an offense against the United
States" and sentenced to a definite term of imprisonment other than life, "whose record shows
that he has faithfully observed all the rules and has not been subjected to punishment," is entitled
to five days' good time credit per month "if the sentence is not less than six months and not
more than one year."
   18 U.S.C. § 4165 provides that "[i]f during the term of imprisonment a prisoner commits
any offense or violates the rules of the institution, all or any part of his earned good time may be
forfeited."

6

U.S. Parole Commission, 755 F.2d 880, 881 (11ᵗʰ Cir. 1985) (holding the BOP's failure to timely aggregate prisoner's sentence, thereby causing him to lose good time credits, to be immaterial because prisoner "forfeited any good time credit for time served prior to [parole] revocation" when he violated the conditions of his parole); Davis v. Attorney General, 425 F.2d 238, 239-40 (5ᵗʰ Cir. 1970) (prisoner's 1,328 days of earned good time credit were properly forfeited when his mandatory release was revoked).

## III. PETITIONER IS NOT ENTITLED TO CREDIT FOR TIME SPENT ON PAROLE PRIOR TO HIS REVOCATION.

Petitioner also claims that he is entitled to credit for time spent on parole prior to his parole revocation.  However, the law is clear that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence, and that this time is properly forfeited. See D.C. Code § 24-406(a) (when parole is revoked, none of the time spent under parole supervision will be credited toward the sentence); United States Parole Comm'n. v. Noble, 693 A.2d 1084, 1085 (D.C. 1997), op. adopted, 711 A.2d 85 (D.C. 1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); see also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. October 2, 2002) (appellant cannot receive credit for "street time" after his parole is revoked); Redrick v. Williamson, 2005 WL 1155041, *3 (M.D. Pa. May 4, 2005) (D.C. offenders cannot receive credit for "street time" after parole is revoked); McRae v. D.C. Parole Board, 2002 WL 32388337, *2 (E.D. Va May 13, 2002) (same).  Thus, the U.S. Parole Commission correctly forfeited all of the time the petitioner spent on parole supervision upon the revocation of his parole.

Therefore, the U.S. Parole Commission correctly forfeited all of the time the petitioner spent

7

on parole supervision when it revoked his parole on September 23, 2002 and January 13, 1988.

These forfeiture orders have properly extended the petitioner's full term date to January 29, 2014.

Accordingly, the petitioner is not entitled to relief as a matter of law and his petition for a

writ of habeas corpus should be summarily denied.

A proposed Order is attached.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____

ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____

CAROLYN K. KOLBEN
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 391-156
Carolyn.Kolben@usdoj.gov
555 4th Street, N.W., Room 10-441
Washington, D.C. 20530
(202) 616-0852

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Opposition of the United States has been filed
via the Electronic Case Filing System and has been served by mail upon the petitioner, Chester
Abney, Fed. Reg. No. 03110-000. RCI, Rivers Correctional Institution, P.O. Box 630, C-Part 1,
207-U, Winton, North Carolina 27986, this 12th day of September, 2005.

_____

Carolyn K. Kolben
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CHESTER ABNEY,** | : | **Civil Action No. 05-1440 (EGS)** |
| **Petitioner** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **D.C. DIVISION OF CORRECTIONS, *et al.,*** : | : | |
| **Respondent** | | |

<u>**ORDER**</u>

Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, the U.S. Parole Commission's Opposition to the Petitioner's Petition for a Writ of Habeas Corpus, and for the reasons stated in the Opposition of the U.S. Parole Commission, it is hereby

ORDERED that the show cause order is discharged, and that Petitioner's Petition for a Writ of Habeas Corpus is DENIED.

SO ORDERED.

_____
EMMET G. SULLIVAN
U.S. District Court Judge

Date:

Chester Abney
Fed. Reg. No. 03110-000
RCI, Rivers Correctional Institution
P.O. Box 630 - C-Part 1, 207-U,
Winton, North Carolina 27986

Carolyn K. Kolben
Assistant United States Attorney
555 4th Street, N.W., Room 10-441
Special Proceedings Section
Washington, D.C. 20530

10