EXHIBIT F

Case 1:05-cv-01440-EGS     Document 12-7     Filed 09/12/2005     Page 1 of 5

# HEARING SUMMARY

Name: Abney, Chester                                       Reg No: 03110-000

## Hearing Parameters

Hearing Type ..............................: **Revocation (Local)**

Hearing Date ...............................: 6/8/05

Examiner.....................................: Casey Skvorc

Institution ...................................: D.C.-Correctional Treatment Facility

Second Designation .....................: None

## Sentence Parameters

Sentence Type..............................: **DC Parole Eligible**

MR/Statutory Release Date..........: 4/2/10

Full Term Date.............................: 1/29/14

Months in Custody.......................: 8 as of 6/08/05

Detainer......................................:

## Warrant Parameters

Supervision.................................: **Parole**

Revoking District & Office...........: CSOSA – Washington, DC

Warrant Execution Date................: 1/26/05

Probable Cause Date.....................: 1/28/05

**Additional text regarding the above parameters:**

---

**Prior Action:** Pre-Hearing Assessment dated March 2, 2005, Memorandum from Deirdre Jackson dated May 24, 2005, and Statement of Charges from the District Court of Maryland (Upper Marlboro, MD) dated 9/9/04.

**Counsel:** Landon McGrew of the Public Defender Service and Shirley McElroy-Gray of the Public Defender Service.

**Witnesses:** None

**Procedural Considerations:** The Public Defender Student Attorney asked if a plea of no contest was the equivalent of a conviction for a Revocation proceeding, and the Hearing Examiner stated that it is.

**Charges:**

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**

**Evidence Presented:** The subject admitted the above charge. The subject said he was going through a number of difficulties at the time that led to his relapse.

**Findings of Fact:** This Examiner finds that the subject violated the conditions of release as indicated in the above charge.

**Basis:** Your admission to the Examiner at the Revocation Hearing.

## Charge No. 2 - Failure to Submit to Drug Testing

**Evidence Presented:** The subject admitted the above charge. He said that he may have missed drug tests because of school obligations.

**Findings of Fact:** This Examiner finds that the subject violated the conditions of release as indicated in the above charge.

**Basis:** Your admission to the Examiner at the Revocation Hearing.

## Charge No. 3 – UUV (Unauthorized Use of a Vehicle hereinafter referred to as UUV)

**Violation Behavior:** On January 20, 2005, the subject pled no contest in Prince George's County Circuit Court to UUV and was sentenced to 30 days. A Statement of Charges dated 9/9/04, issued by the District Court of Maryland in Upper Marlboro, MD states the subject without consent did take and carry away a 1995 Dodge Caravan with the intent to temporarily deprive Olantunde Abdulsatar Babayale of the use and possession of said property.

**Evidence Presented:** The subject denied the above charge. The subject said that he pled to this charge so he could finalize the matter. He maintained that he was innocent of the charge. He claimed he was getting a ride home with a friend and he did not know that the vehicle in question was stolen. The subject's attorney presented a document signed by Theresa Jacobs, a friend of the subject's stating that she saw the subject get in an un-named friend's van, after the subject had offered the friend payment for a ride. The van was not described, and it is not known whether the van mentioned in this statement is the same van the subject was arrested for in this charge. Ms. Jacobs said in her statement that she was surprised the subject was arrested, and that he is a truthful person, and not the type of person who would steal a vehicle.

**Findings of Fact:** This Examiner finds that the subject violated the conditions of release as indicated in the above charge.

**Basis:** The no contest plea that was entered on January 20, 2005 and the 30-day sentence.

**Discipline:** None

**Release Plans:** The subject hopes to return to the community, resume employment, and obtain drug treatment.

## Guideline Parameters

**Severity Justification:**   Category 3 because it involves a conviction for UUV and administrative charges.
**Salient Factor Score:**   3

**Re-parole Guideline Range:** . 24-32 months
**Disciplinary Guideline Range:** .................0
**Total Guideline Range:** ......... 24-32 months

**Evaluation:** The subject admitted the administrative charges and acknowledged he had pled no contest to the UUV charge, although he does claim that he was actually innocent of that charge.

**Abney, Chester, Reg. No. 03110-000**                                **Page 2 of 4**

**Recommendation:** Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole on October 5, 2006, after the service of 24 months, with the Special Drug and Alcohol Aftercare Conditions.

**Conditions:** Special Drug and Alcohol Aftercare Conditions.

**Statutory Interim Hearing:** None

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** A memorandum was prepared by Deirdre Jackson on 5/24/05 regarding the scheduling of this revocation proceeding. The subject's warrant was executed on 1/26/05, and probable cause was found on 1/28/05. The revocation hearing was originally scheduled for 3/28/05.

On 3/15/05, the USPC supplemented the warrant with a new conviction for UUV. The charge for Armed Robbery was not included in the supplemental warrant, as there was insufficient time to subpoena adverse witnesses. The supplement and supporting documentation was faxed to PDS on 3/23/05, and on 3/28/05, the subject's attorney requested a continuance, and indicated the afore-mentioned documentation was not received. The PDS also requested additional time to prepare for the Armed Robbery charge. The revocation hearing was then rescheduled for 6/8/05.

On 4/22/05, the Maryland State prosecutor's office advised that the Armed Robbery charge was dismissed in District Court, but remained pending in Circuit Court, and that an indictment would be filed in the near future. Ms. Jackson recommended proceeding with this hearing, and ordering a subsequent re-hearing if the Maryland charge is dismissed or the parolee is acquitted.

The subject was in custody for the UUV charge from 10/5/04 until 1/21/05, and the Warrant was executed on 1/26/05. Therefore, the subject was in custody continuously for all but 4 days for 10/5/04 until 6/8/05; on 6/8/05, the subject had been in custody 8 months. The GL range of 24 months would be10/8/06.

**Executive Reviewer's Comments:** (by S. Husk on 6/27/05):

I agree with the examiner's recommendation to revoke parole and proceed with a release decision based upon the finding that Abney committed the offense of unauthorized use of a vehicle and the administrative violations. Note that the Commission elected not to supplement the charges to include an armed robbery charge. This charge is still pending in Circuit Court for Prince George's County, MD and the prosecutor for that case advised that she preferred that the victim(s) not testify at a revocation hearing while the trial was still pending. If Abney is convicted of that charge, the Commission may reopen the case and conduct a special reconsideration hearing. (See memorandum dated 5/24/2005).

I disagree, however, with the examiner's recommendation to parole Abney at the bottom of the category three guidelines. He has violated the conditions of parole by committing a new crime of unauthorized use of a vehicle. In addition, Abney has had parole revoked on three previous occasions on the current sentence. Only two of these count for salient factor score purposes because the first revocation resulted in a decision (by the DC Board of Parole) to reparole him immediately. I believe these factors warrant a release decision at the top

of the guideline range (32 months). I see no evidence that Abney has been released since his arrest in PG County, MD on 9/8/04. Although he provided the examiner with a "Release Order" from PG County Detention Center from 1/21/2005, the Commission's warrant should have been filed as a detainer to prevent his release to the community. The U.S. Marshal in the District of Maryland on 1/26/2005 executed his warrant. This suggests that he was still confined at the PG County Detention Center when the Commission's warrant was executed. Thus, I would give him guideline credit since 9/8/04 and recommend a release date after 32 months on 5/7/2007.

**Recommendation:** Continue to a presumptive parole after the service of 32 months on 5/7/2007 with the special drug aftercare condition.

CXS/SDS
June 9, 2005