## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHESTER ABNEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1440 (EGS) |
| | ) | |
| DC DIVISION OF CORRECTION, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM  OPINION

This matter is before the Court on consideration of petitioner's *pro se* petition for a writ of habeas corpus.[1]  Having considered the petition and respondent's response to the Court's order to show cause, the petition will be denied.

### I.  BACKGROUND

In the Superior Court of the District of Columbia, on March 13, 1986, petitioner was sentenced to an aggregate prison term of five years and 20 months to 22 years.  Pet. at 1-2 (page numbers supplied); *see* Resp't Resp., Ex. B (Judgment and Commitment Order, Criminal No. F-7110-85).  Petitioner's most recent parole release began on June 3, 2003.  Resp't Resp., Ex. A (Sentence Monitoring Computation Data as of 6/3/03) at 2 & Ex. C (Certificate of Parole).  At that time, petitioner had 3,893 days to serve, and his full term date was January 29, 2014.  *Id.*,

---

[1]    Petitioner was incarcerated at the District of Columbia's Correctional Treatment Facility at the time he filed the petition.  Although he since has been transferred to the Rivers Correctional Institution in Winton, North Carolina, this Court retains jurisdiction. *See Rumsfeld v. Padilla*, ___ U.S. ___, 124 S.Ct. 2711, 2720 (2004); *Chatman-Bey v. Thornburgh*, 864 F.2d 804. 806 n.1 (D.C. Cir. 1988) ("habeas jurisdiction . . . continues to be in the district where the petitioner was incarcerated at the time the habeas petition was filed").

Ex. A at 2.

In a January 23, 2004 memorandum, petitioner's Supervision Officer reported alleged violations of the conditions of his parole.  Resp't Resp., Ex. D (Alleged Violation Report).  Specifically, the Supervision Officer reported petitioner's failure to abstain from using illegal drugs (cocaine) and failure to report for drug testing.[2]  Consequently, the United States Parole Commission ("Parole Commission") issued a warrant for petitioner's arrest.  *Id.*, Ex. E (Warrant Application and Warrant signed August 19, 2004).   The warrant was executed on January 25, 2005.  *Id.*, Ex. F (Revocation Hearing Summary) at 1.

At the June 8, 2005 revocation hearing, petitioner admitted his guilt for having tested positive for cocaine and having failed to report for drug testing.  Resp't Resp., Ex. F at 2.  In addition, the hearing examiner found petitioner guilty of a third violation, unauthorized use of a vehicle, as evidenced by his plea of no contest before the Prince George's County Circuit Court.  *Id.*  The Parole Commission revoked petitioner's parole, and continued the matter to his presumptive re-parole release date, May 7, 2007.  *Id.*, Ex. G (Notice of Action dated July 7, 2005) at 1.

## II.  DISCUSSION

The Court construes the petition as a challenge the calculation of petitioner's sentence.  First, petitioner argues that the Parole Commission failed to apply statutory good time credit properly to both his minimum and maximum sentences, thereby advancing his mandatory parole release date.  Second, he argues that the Parole Commission failed to credit time spent on parole

---

[2]     Petitioner tested positive for cocaine on 26 occasions between June 27, 2003 and January 16, 2004, and failed to report for testing on 14 occasions between July 25, 2003 and January 9, 2004.  *See* Resp't Resp., Ex. D (Alleged Violation Report).

toward service of his sentence.  Neither argument has merit.

A person convicted of a felony under the District of Columbia Code "whose conduct is in conformity with applicable institutional rules is entitled to institutional good time credits."  D.C. Code § 24-201.29 (formerly codified at D.C. Code § 24-428(a)) (repealed).[3]  In addition, the D.C. Code provides that:

> Good time credits . . . shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date on which his release on parole becomes mandatory.

D.C. Code § 24-428(b) (repealed).  By the terms of the statutory provision, good time credit is relevant only for determining the dates of a prisoner's parole eligibility and mandatory parole release.  When parole is revoked, however, "the prisoner . . . shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody."  D.C. Code § 24-406(a) (emphasis added).  Any good time credit earned during a prior period of imprisonment cannot be applied toward service of the balance of a prisoner's sentence.

Petitioner is not entitled to receive credit toward service of his sentence for "street time," the days he spends on parole before parole is revoked.  "The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced."  D.C. Code § 24-406(a); *United States Parole Comm'n v. Noble*, 711 A.2d 85 (D.C. 1998) (concluding that time offender spends on parole before revocation cannot be credited toward service of sentence); *see*

---

[3]     The Good Time Credits Act of 1986, effective April 11, 1987 (D.C. Law 6-218; D.C. Code § 24-428), was repealed by the Omnibus Criminal Justice Reform Amendment Act of 1994, effective August 20, 1994 (D.C. Law 10-151; D.C. Code § 24-428).

*Davis v. Moore*, 772 A.2d 204 (D.C. 2001) (en banc) (holding that retroactive application of

*Noble* does not violate United States Constitution's due process and *ex post facto* clauses).

### III.   CONCLUSION

Petitioner does not show an entitlement to habeas corpus relief, and therefore the Court

will deny the petition.  An Order consistent with this Memorandum Opinion is issued this same

date.


Signed:          EMMET G. SULLIVAN
                 United States District Judge

Dated:           February 10, 2006

4